Hawkins, J.,
delivered the opinion of the Court.
Woody instituted suit before a Justice of the Peace, of Wayne County, against James Witherspoon, James Montague, and Dee Keaton, to recover damages for taking and converting to their use, one horse, the property of the plaintiff.
The Justice rendered a judgment against the defendants; from which they appealed to the Circuit Court, where a trial was had, which resulted in a verdict and judgment in favor of the plaintiff. The defendants moved for a new trial, which was refused; and therefore they have appealed in error to this Court.
The proof set out in the record, discloses, substantially, this state of facts: The defendants, who were at the time Confederate soldiers, sometime in the Fall or Winter of 1864, in company with a squad of Confederate soldiers, took the plaintiff’s horse, worth about seventy-five dollars, out of the lot, and carried him off, and he had never been returned.
The defendants sought to justify, under orders from officers in the Confederate army. The only error assigned in argument, arises upon the charge of the Court.
*607 The hill of exceptions recites, that, “The the Court charged the jury, among other things not excepted to, that it was insisted by the defendants, that they were soldiers in the employ of the Confederate government, obeying the orders of their superior officers, and not liable for torts committed under such circumstances. The Court was of the opinion, and so instructed the jury, that there was no Confederate government; and that if they had acted under the immediate orders of General Hood, it would have been no protection to them, but they would be liable to the plaintiff for torts on his property,”
The question presented in this case has been so frequently before this Court, and has been so fully and elaborately considered, that it is unnecessary to say more, than that the rule of law, as applicable to the facts of this case, was stated with substantial accuracy by his Honor, the Circuit Judge. It has not been shown, nor insisted, there was existing at the time, any impending or urgent necessity for taking the property.
If the orders of the officer, and circumstances by which the defendants were surrounded, had amounted to duress, under which they were forced unwillingly to participate in the taking of the plaintiff’s horse, then they would not have been liable; but there is no pretence for the assumption, nor has it been insisted that the defendants acted under any duress, whatever.
Affirm the judgment.